UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     MACY C. KEE,                :     Chapter 13
                                       :
           Debtor.                     :     Bky. No.  11-16351 ELF

# M E M O R A N D U M

## I.

Presently before the court is the Motion to Release Unclaimed Funds ("the Motion"), filed by Segment Returns, LLC ("Segment"), acting as attorney-in-fact for Marlton Auto. Debtor Macy C. Kee ("the Debtor") filed a response to the Motion, requesting that the court impose conditions upon the release of the unclaimed funds to Segment.

Based on the procedural grounds described below, I conclude that the Motion is facially defective. Consequently, I will defer taking further action in this contested matter in order to give Segment the opportunity to correct the defects in its filing. If Segment fails to do so in a timely fashion, the Motion will be denied without prejudice.

## II.

The Debtor commenced this chapter 13 bankruptcy case on August 11, 2011. Her chapter 13 plan was confirmed by order entered April 18, 2012. The case was dismissed by order entered July 30, 2014.

In his Final Report, filed on April 15, 2015, the Chapter 13 Trustee ("the Trustee") reported receipt of plan payments totaling $24,376.10 and distributions as follows:

|  |  |
|---|---|
| Debtor's counsel | $ 2,500.00 |
| AFNI (3 claims) | 258.90 |

      Americredit                                   4,994.99
      Bank of America                    10,140.46
      Verizon                                        36.27
      **Clerk, Bankruptcy Court**     **4,718.96**
      Clerk, Bankruptcy Court       32.01
      Clerk, Bankruptcy Court         6.02
      Clerk, Bankruptcy Court         3.87
      Clerk, Bankruptcy Court         1.06

The Trustee's payments to the Clerk were on account of plan distributions that the Trustee was unable to deliver to creditors under the terms of the Debtor's confirmed plan prior to the dismissal of the case.

The Trustee's $4,718.96 payment to the Clerk listed above represents unclaimed funds the Trustee attempted to distribute to Marlton Auto. Under the confirmed plan, Marlton Auto was treated as a secured creditor whose claim was to be paid in full with "present value" interest. See 11 U.S.C. §1325(a)(5)(B)(ii).[1] The other payments the Trustee made to the Clerk were on account of unsecured creditors who were entitled to receive pro rata distributions under the confirmed plan, but who also, for some reason, did not receive their respective distributions.[2]

---

    [1]    Marlton Auto did not file a proof of claim. The Debtor filed a proof of claim (Claim No. 8-1) on Marlton's behalf. See Fed. R. Bankr. P. 3004. The claim was filed as a secured claim, identifying an "Automobile" as the property securing the debt. In Schedule B, the Debtor disclosed ownership of a 2003 Ford Expedition automobile.

    [2]    The practice of some chapter 13 trustees of delivering undistributed plan payments to the creditors entitled to receive them under the confirmed plan or to the Clerk (if the creditor's distribution is unclaimed for some reason) following the **post-confirmation dismissal** of a case has divided courts, with renewed attention to the issue since the Supreme Court's decision earlier this year in Harris v. Viegelahn, 135 S. Ct. 1829 (2015).

    Harris involved the disposition of undistributed plan payments upon the **post-confirmation conversion** of a chapter 13 case to chapter 7, (not dismissal, as here). In Harris, the Supreme Court held that, pursuant to 11 U.S.C. §348(f), the undistributed chapter 13 plan payments derived from the debtor's wages, must be returned to the debtor, not distributed to creditors. Accord In re Michael, 699 F.3d 305 (3d Cir. 2012). In Harris, the Supreme Court observed that property of the bankruptcy estate "does not become property of creditors until it is distributed to them." 135 S. Ct. at 1839 (citing Michael, 699 F.3d at 312-13).

(continued...)

On September 21, 2015, Segment filed the Motion. (Doc. # 74). The Debtor filed her response on September 24, 2015. In her response, she asserted that she had "paid off the vehicle in the plan." She objected to the release of any money from the Clerk to Marlton Auto "until Marlton Auto has prepared all necessary documents to issue the Debtor the title to her vehicle." (Doc. # 75). Segment replied to the Debtor's response asserting that Marlton Auto never received the distributions at issue, but acknowledging that the funds "represent the final payment for release of title to [the Debtor]." (Doc. # 76).

---

[2](...continued)
The disposition of undistributed plan payments in a chapter 13 case **dismissed post-confirmation** is governed by 11 U.S.C. §349(b)(3), which provides that, unless otherwise ordered for cause, upon dismissal, property of the estate "revests . . . in the entity in which such property was vested immediately before the commencement of the case." Section 349(b)(3) and the principle expressed in Harris (i.e., that a payment made by a debtor to the chapter 13 trustee does not vest in the creditor entitled to a distribution under a confirmed chapter 13 plan until the payment is received by the creditor), have been influential in several reported decisions. A number of courts, both pre- and post-Harris, have held that undistributed plan payments must be returned to the debtor following the post-confirmation dismissal of a chapter 13 case. See In re Nash, 765 F.2d 1410, 1414 (9th Cir. 1985); In re Edwards, 2015 WL 5601577, at *5 (Bankr. S.D. Ill. Sept. 22, 2015); In re Hamilton, 493 B.R. 31, 37-46 (Bankr. M.D. Tenn. 2013); In re Williams, 488 B.R. 380, 386-87 (Bankr. N.D. Ill. 2013), aff'd sub nom. Williams v. Marshall, 526 B.R. 695 (N.D. Ill. 2014). Other courts disagree, based on either; (a) the view that the creditor's rights in the funds vested under the confirmed plan once the debtor delivered the payment to the trustee or (b) the exercise of the discretion afforded the court under §349(b)(3). See In re Darden, 474 B.R. 1, 13-14 (Bankr. D. Mass. 2012); In re Hufford, 460 B.R. 172, 176 (Bankr. N.D. Ohio 2011); In re Parrish, 275 B.R. 424, 433 (Bankr. D.D.C. 2002).

There is no binding authority on the issue in this Circuit, or even any reported decision on point in this district. The closest precedent in this district is in In re Parker, 400 B.R. 55, 62 (Bankr. E.D. Pa. 2009), which involved a case dismissed post-confirmation in which the debtor paid all of the undistributed funds to the trustee pre-confirmation. In Parker, based upon 11 U.S.C. §1326(a)(2) (second sentence), the court concluded that the creditor's right to receive the distribution vested upon confirmation of the plan. As a result, the court denied a debtor's request for the refund of the undistributed plan payments. Parker is likely distinguishable because it is unlikely that the funds at issue in this case were derived from pre-confirmation payments, (which renders inapposite the second sentence of §1326(a) relied upon by the Parker court). Also, it is not clear whether Parker remains good law based on the principle expressed in Michael and Harris that plan payments do not become property of the creditor until distribution has been effected, perhaps leaving §349(b)(3) as the controlling authority.

At this time, in light of the disposition of the Motion based on procedural irregularities, I do not determine who is entitled to the funds that the Trustee delivered to the Clerk in this case.

### III.

There are two (2) related defects in the Motion that preclude consideration of its merits at this time.

First, the moving party, Segment, is a limited liability company. Yet, it seeks relief in this court as a pro se litigant. It is well settled under federal law, e.g., 28 U.S.C. §1654, that artificial entities, such as a limited liability company, must appear in a federal court through counsel and may not appear pro se. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); Simbraw, Inc. v. United States, 367 F.2d 373, 374-75 (3d Cir. 1966); Turner v. American Bar Association, 407 F. Supp. 451, 476 (N.D. Tex 1975), aff'd, 539 F. 2d 715 (7th Cir. 1976); In re Earle Industries, Inc., 67 B.R. 822, 823 (Bankr. E.D. Pa 1986); Fed R. Bankr.P 9010(a), Advisory Committee Note 1983 ("[t]his rule... does not purport to change prior holdings prohibiting a corporation from appearing pro se"); see also United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996).

Second, Segment purports to act pro se as attorney-in-fact for Marlton Auto, the claimant in this bankruptcy case. A party may not appear pro se in court in the capacity as an attorney-in-fact for another party. Such conduct constitutes the unauthorized practice of law. See, e.g., Williams v. United States, 477 F. App'x 9, 10-11 (3d Cir. 2012); Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); Yoder v. Wells Fargo Home Mortgage, 2012 WL 6562837, at *1 n.2 (E.D. Pa. Dec. 17, 2012); Kohlman v. W. Pa. Hosp., 652 A.2d 849 (Pa. Super. Ct. 1994).

A pleading brought before the court by a party engaging in the unauthorized practice of law is subject to dismissal. See In re Radogna, 331 F. App'x 962, 964 & n.4 (3d Cir. 2009). However, rather than dismiss the Motion at this juncture, I consider it appropriate to afford

Segment an opportunity, within a reasonable period of time, to obtain counsel to represent it in prosecuting the Motion. Accord In re Griffith, 2014 WL 352022, at *2 (Bankr. M.D. Pa. Jan. 31, 2014). If Segment fails to do so, I will deny the Motion without prejudice.

**Date: October 7, 2015**

ERIC L. FRANK
**CHIEF U.S. BANKRUPTCY JUDGE**